THEODORE D. PARSONS and HARRY B. HEAVILAND, executors, &c., et al., respondents,

*v.*

FRANK W. WHITFIELD, &c., appellants.

[Argued October 21st, 1946. Decided February 3d, 1947.]

On appeal from a decree of the Court of Chancery, in which court the following opinion was filed:

"By this bill complainants seek an injunction against the prosecution of an action at law in ejectment by the defendants hereto against the complainants and others comprising the beneficiaries under the last will and testament of Howard Whitfield, deceased, and the tenants of certain real estate in Red Bank, New Jersey, of which the said testator died seized.

"According to the bill of particulars furnished the complainants by the defendants, on complainants' demand, the plaintiffs in the ejectment suit (the defendants here) base their claim of right to possession of the lands described in their complaint on the allegation that the plaintiff Frank F. Whitfield and his ward are heirs-at-law of the above named testator and devisees under his last will and testament.

"Complainants' bill is based upon the claim that the defendants thereto are estopped to assert any claim of right to possession of said lands, or of any other lands of which the testator died seized, by reason of their prosecution of a suit in this court entitled 'Between Frank F. Whitfield et al. v. Theodore Parsons et al.' (*Docket 124, p. 438*), in which the present complainants claim that the same issues touching these lands which would be presented in the ejectment suit were involved in and disposed of, adversely to the defendants' present claim of right, in that cause; and that by the final decree therein, affirmed by the Court of Errors and Appeals (*134 N. J. Eq. 352*), those issues are now *res adjudicata.*

"On the filing of the present bill of complaint an order to show cause why restraint *pendente lite* should not issue was advised, and while no such restraint was imposed, final hearing in this action was, for some time, deferred by consent of the parties. The essential facts in this cause are not in dispute and it would seem that the issues of estoppel and *res adjudicata* are purely legal.

"The undisputed facts which seem to me to be dispositive of this motion are recited in the unreported opinion of this court in *Whitfield* v. *Parsons, supra,* and again in the opinion of Mr. Justice Donges, speaking for the Court of Errors and Appeals in affirmance of the Chancery decree. Those facts, so far as now pertinent, are as follows:

"Howard Whitfield, late of Red Bank, Monmouth County, New Jersey, died on September 20th, 1938. His will, dated December 13th, 1930, and a codicil thereto, dated February 6th, 1937, were admitted to probate in the New Jersey Prerogative Court on the 16th day of April, 1939, and letters testamentary thereon were issued to Theodore D. Parsons and Harry B. Heaviland, after a contest in which the validity of the will was challenged by the defendants to the present bill. Thereafter Messrs. Parsons and Heaviland qualified as executors and trustees under that will. Thereafter, on July 7th, 1939, Frank F. Whitfield, individually and as guardian of his brother Harold R. Whitfield, an incompetent, filed a bill in this court (*Docket 124, p. 438*) seeking a construction of testator's will and a declaration of the rights of the com-

plainants therein in the testator's estate. By that bill the validity of testator's will was attacked by the complainants on numerous grounds, all of which except the ground of inconsistency between the third, fifth and sixth paragraphs of the will on the one hand, and paragraph seven on the other, were abandoned at the final hearing. The complainants in that bill charged that the alleged inconsistency invalidated the seventh paragraph of the will and that, therefore, the testator died intestate as to the residue, and that, consequently, that residue vested in the individual complainant and his ward as heirs-at-law. It was also claimed in that suit that if the will was valid, then the complainants were entitled to all of the residuary estate as devisees under the will. Thus it is seen that both in the ejectment suit and the prior Chancery suit the defendants in the present action based their claims on the allegation that they were the heirs-at-law and devisees of the testator. The executors and trustees, the complainants in the present suit, and all of the beneficiaries named in testator's will as well as the Attorney-General of this state representing the "Howard Whitfield Foundation," a corporation organized for a charitable purpose pursuant to the directions of the will, were named as defendants in that Chancery suit. All of the issues involved in that cause were decided adversely to complainants' claim. It was expressly held that the individual complainant in that suit was intentionally disinherited by the testator, and it was expressly held by the Court of Errors and Appeals that 'a reading of the entire will in this case indicates a clear intention upon the part of the testator to exclude the appellants, children of testator by his first marriage, from sharing in the residuary estate.' The value of testator's estate was approximately $131,500, of which about $43,500 was personalty and the balance consisted of real estate located in Red Bank, New Jersey, of which the premises the subject of the ejectment suit are a part. All of the real estate constituted a part of the residue of the estate.

"Complainants in the instant suit, in support of their claim of estoppel and *res adjudicala*, rely upon the following decisions of this court and the Court of Errors and Apppeals: *Putnam* v. *Clark, 34 N. J. Eq. 532; Logan* v. *Flattau, 73*

N. J. Eq. 222; Sarson v. Maccia, 90 N. J. Eq. 433; Lane v. Rushmore, 123 N. J. Eq. 531; affirmed, 125 N. J. Eq. 310.

"There is no dispute as to the rules of law touching estoppel and *res adjudicata* as enunciated in these cases. In fact, counsel for the defendants herein say in their brief 'we unhesitatingly accept the law laid down in those cases.' But it is contended that the law of those cases is not applicable here because, counsel for defendants argue, the Court of Chancery in the case of *Whitfield* v. *Parsons, supra,* was without jurisdiction to pass upon the title to the lands constituting a part of the residue of testator's estate. In disputing Chancery's jurisdiction in that cause, counsel for the defendants relies upon *Jersey City* v. *Lembeck, 31 N. J. Eq. 255; Sheppard* v. *Nixon, 43 N. J. Eq. 627; Flannigan* v. *Guggenheim Smelting Co., 63 N. J. Law 647; Goetz* v. *Sickel, 71 N. J. Eq. 317; Gillen* v. *Hadley, 72 N. J. Eq. 505; Torrey* v. *Torrey, 55 N. J. Eq. 410; Hoagland* v. *Cooper, 65 N. J. Eq. 407; Knickel* v. *Spitz, 74 N. J. Eq. 531; Hoe* v. *Hoe, 84 N. J. Eq. 401; Fidelity Union Trust Co.* v. *Roest, 113 N. J. Eq. 368; Thropp* v. *Public Service Electric Co., 84 N. J. Eq. 144;* and numerous other cases defining the jurisdictional limitations of the Court of Chancery and sustaining the constitutional integrity of the respective courts of law and equity of this state. It is asserted by counsel for the defendants that the Court of Chancery has never had jurisdiction to construe a will or to decide questions of title to real estate arising under a will except as incidental to its general jurisdiction over trusts. But however that may be, and it is not necessary for me to now pass upon the correctness of that statement, it is conceded that the Court of Chancery has general jurisdiction in cases of trusts, fraud, accident, or mistake, and that as incidental to the exercise of such jurisdiction, this court has the power to pass upon questions of title to lands thereby involved. (It cannot be denied that a trust was created by the testator by his will, that the executors of his will are trustees of the trust *res* until it is transferred to the Howard Whitfield Foundation, that the lands here involved are a part of that trust *res,* and that after such transfer that Foundation will be the trustee thereof. In

*Whitfield* v. *Parsons, supra,* it was held that the title to the residuary estate, of which the lands herein involved are a part, was not in the defendants to the present suit, but that it was vested in the executors and trustees named in the will.

"My conclusion, therefore, is that the issues involved in the ejectment suit, prosecution of which is here sought to be enjoined, have already been effectually disposed of in *Whitfield* v. *Parsons, supra,* and that the decree in that cause is *res adjudicata.*

"The question of waiver by the incompetent, discussed in defendants' brief is not, in my judgment, involved.

"I will advise a decree in accordance with these conclusions and enjoining the prosecution of defendants' suit in ejectment."

*Messrs. Kalisch & Kalisch (Mr. Harry Kalisch,* of counsel), for the appellants.

*Messrs. Parsons, Labrecque & Borden (Mr. Theodore J. Labrecque,* of counsel), for the respondents.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Berry.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ. ·15.

*For reversal*—None.